**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TERRY RHODES, #782837,** | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0857-R |
| | ) | ECF |
| **CHRISTINA CRAIN,** | ) | |
|      Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On June 5, 2007, Plaintiff filed a motion for temporary restraining order, challenging the constitutionality of the Prison Litigation Reform Act's (PLRA's) fee provision. This case is presently referred to the Magistrate Judge pending preliminary screening.[1]

A party seeking a temporary restraining order or a preliminary injunction must prove each of the following elements: (1) that there is a substantial likelihood that the movant will prevail on the merits; (2) that there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the

---

[1] On May 22, 2007, the Magistrate Judge issued a notice of deficiency and order requiring Plaintiff to file his complaint on the appropriate form. As of the filing of this recommendation, Plaintiff has yet to comply with the deficiency order.

defendant; and (4) that the granting of the preliminary injunction will not disserve the public interest.  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

The motion for a temporary restraining order fails to meet the above standard.  In prisoner cases, entry of a collection order is mandatory under the PLRA.  *See* 28 U.S.C. § 1915(b)(1).  The Fifth Circuit has determined that the PLRA fee provisions do not infringe upon a prisoner's right of access to the courts.  *Norton v. Dimazana,* 122 F.3d 286, 290-92 (5th Cir. 1997).  Other circuits have also ruled against constitutional challenges to the PLRA fee payment provisions. *Murray v. Dosal,* 150 F.3d 814 (8th Cir. 1998) (fee provisions do not violate right of access to the courts, equal protection, or due process); *Roller v. Gunn,* 107 F.3d 227 (4th Cir. 1997) (no violation of right of access to courts or equal protection); *Nicholas v. Tucker,* 114 F.3d 17 (2d Cir. 1997) (same); *Hampton v. Hobbs,* 106 F.3d 1281 (6th Cir. 1997) (no violation of due process, right of access to the courts, or equal protection); *Tucker v. Branker,* 142 F.3d 1294 (D.C.Cir. 1998) (same); *Mitchell v. Farcass,* 112 F.3d 1483 (11th Cir. 1997) (fee payment provisions do not violate equal protection).  *See also Atchison v. Collins,* 288 F.3d 177, 180-81 (5th Cir. 2002) (20% deduction of PLRA applies per case, not per prisoner).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's motion for a temporary restraining order (docket # 6) be DENIED.

A copy of this recommendation shall be mailed to Plaintiff.

Signed this 6th day of June, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.